IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN ANN RODRIGUES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:20-CV-0291-D |
| VS. | § | |
| | § | |
| US BANK NATIONAL ASSOCIATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Karen Ann Rodrigues ("Rodrigues") moves for leave to extend the discovery deadline and for a continuance of the trial date. For the reasons that follow, the court denies the part of the motion that seeks to extend the discovery deadline and denies as moot the part that seeks a trial continuance.

I

The court need only recount the background facts and procedural history that are relevant to deciding the present motion. Rodrigues sues defendant US Bank National Association ("US Bank"), alleging disability discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, and retaliation.

On April 21, 2020 the court entered the scheduling order in this case. Pertinent to Rodrigues' motion to amend the scheduling order, the court set January 29, 2021 as the deadline to complete discovery and February 26, 2021 as the deadline for all motions not

otherwise covered (such as the instant motion). The court separately set the trial of the case for the two-week docket of June 14, 2021.

On March 4, 2021 the court granted Rodrigues' motion to substitute counsel. Now represented by her new counsel, Rodrigues seeks leave to extend the discovery deadline[1] and requests a trial continuance. US Bank opposes the motion, contending that it is unsupported by good cause, that it is untimely,[2] and, to the extent Rodrigues seeks a trial continuance, that the motion violates N.D. Tex. Civ. R. 40.1. US Bank also filed a motion for summary judgment (which remains pending) on March 26, 2021, the day after Rodrigues filed the instant motion.

II

Fed. R. Civ. P. 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Id.* The good cause standard "require[s] the movant 'to show that the deadlines cannot

---

[1]Rodrigues requests that the discovery deadline be extended through April 30, 2021, which has already passed.

[2]Because the court concludes that Rodrigues' motion to extend the discovery deadline should be denied based on its analysis of the good cause factors, it need not reach US Bank's argument that the motion is untimely. *See, e.g., Atl. Cas. Ins. v. PrimeLending, A PlainsCapital Co.*, 2016 WL 7386208, at *1-4 (N.D. Tex. Dec. 21, 2016) (Fitzwater, J.) (denying motion to dissolve scheduling order based on analysis of good cause factors when deadline for such motions had passed).

reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (brackets omitted) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

III

A

In its response brief, US Bank notes that Rodrigues' motion does not address the good cause factors. And because Rodrigues did not file a reply brief, she has not responded to US Bank's arguments concerning the good cause factors. "When a party . . . does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps*, 2009 WL 3294863, at *1) (addressing motion for leave to amend). "But the court has made exceptions in cases where . . . the

- 3 -

grounds on which [the movant] relies to establish good cause are relatively clear." *Atl. Cas. Ins. Co. v. PrimeLending, A PlainsCapital Co.*, 2016 WL 7386208, at *2 n.3 (N.D. Tex. Dec. 21, 2016) (Fitzwater, J.) (collecting cases). Because the grounds on which Rodrigues relies enable the court to apply the pertinent four-factor test, the court will consider on the present briefing whether she has met the good cause standard of Rule 16(b)(4) to extend the discovery deadline.

B

1

The court first considers Rodrigues' explanation for her failure to complete discovery within the scheduling order's deadline.

Rodrigues maintains that, "with all due respect to the work already in place by both Plaintiff's prior and Defendant's counsel, additional discovery is necessitated to properly adjudicate this case." P. Br. 2. US Bank responds that Rodrigues has failed to offer a credible explanation for her failure to complete discovery by the court-ordered deadline. According to US Bank, Rodrigues is bound by the acts and omissions of her prior counsel, including that attorney's failure to depose any witnesses until the last day of the discovery period, to supplement discovery, or to request the discovery that Rodrigues now seeks. US Bank also points out that Rodrigues' failure to complete discovery by the agreed-upon deadline preceded her substitution of counsel.

The court holds that Rodrigues' explanation for her failure to complete discovery by the court-ordered deadline is inadequate. Rodrigues had more than nine months to conduct

discovery between the time the court entered the scheduling order on April 21, 2020 and the discovery period expired on January 29, 2021. But she did not depose any witnesses until the final day of the discovery period. Rodrigues has failed to explain her former counsel's lack of diligence in conducting discovery or why her former counsel could not have obtained the discovery that Rodrigues now seeks by the existing deadline. Although her present counsel, who entered the case after the discovery deadline expired, maintains that additional discovery is necessary to properly adjudicate this case, a "recent change of counsel does not entitle [a party] to attempt to undo the strategic choices made by [the party's] prior counsel." *Nguyen v. Versacom, LLC*, 2016 WL 7426126, at *3 (N.D. Tex. Dec. 23, 2016) (Fitzwater, J.); *see also Choice Hotels Int'l, Inc. v. Goldmark Hosp., LLC*, 2014 WL 80722, at *3, *3 n.5 (N.D. Tex. Jan. 9, 2014) (Fitzwater, C.J.) (holding that "absent special circumstances," such as "counsel's unexpected withdrawal for health reasons," a party "cannot rely on a change of [her] own counsel to delay th[e] litigation" by extending an expired discovery deadline). Accordingly, the first factor weighs against a finding of good cause.

2

The court considers next the importance of the requested relief.

As stated, Rodrigues contends that additional discovery is necessary to properly adjudicate this case. Because she has only been able to depose one fact witness and has yet to depose US Bank's corporate representative, she maintains that there are several additional witnesses who will need to be deposed or subpoenaed for trial. She further contends that, because US Bank alleges that she was rightfully terminated for violating company policy,

the corporate representative's deposition is necessary to prepare for trial.

US Bank responds that Rodrigues has neither identified the several additional witnesses whom she intends to depose nor explained the importance of their testimony. To the extent Rodrigues argues that it is necessary to depose a corporate representative concerning the alleged policy violation that led to her termination, US Bank responds that she already has the discovery she seeks. According to US Bank, Rodrigues issued requests for admissions, requests for production, and interrogatories seeking information and documents concerning the particular policy that she violated, her termination, the legitimacy of that termination decision, and other employees who have been terminated for the same misconduct; that she deposed the manager who discovered, and fired her for, her misconduct; and that, during her manager's deposition, her former counsel continued to explore these topics. US Bank also points out that Rodrigues never before mentioned the need to conduct additional discovery, although nothing prevented her from doing so.

The court concludes that Rodrigues has failed to satisfy her burden concerning the importance of the discovery that she now seeks. *See Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (explaining that burden is on movant to demonstrate importance of requested relief). With the exception of US Bank's corporate representative, Rodrigues has not identified anyone whom she intends to depose or how such additional testimony would be important. And although the corporate representative's deposition would likely produce relevant testimony concerning the alleged policy violation for which Rodrigues was terminated, she has failed to respond to US Bank's assertion that

adequate discovery has already been conducted on this subject. The second factor is therefore either neutral or weighs against a finding of good cause.

3

The court considers together the third and fourth factors: the potential prejudice to US Bank in granting the requested relief and the availability of a continuance to cure such prejudice.

US Bank argues that it will be prejudiced if the court extends the discovery deadline because US Bank will be forced to incur additional expenses; resolution of this lawsuit will be further delayed; memories will fade; and witnesses may become unavailable. US Bank notes that it has filed a motion for summary judgment, giving Rodrigues a blueprint for the evidentiary gaps that need to be filled. And US Bank contends that a trial continuance will only exacerbate, rather than cure, such prejudice, and that denying the instant motion is the only remedy.

In Rodrigues' motion, she does not directly address the potential prejudice to US Bank, and because she has not filed a reply brief, she has not responded to US Bank's arguments. She does, however, state that she would not object to an extension of the deadline for filing dispositive motions or the time for US Bank to reply to her response to a dispositive motion (presumably in an attempt to alleviate potential prejudice caused by extending the discovery deadline).

The court has previously explained that "re-opening discovery after the filing of a summary judgment motion" is indeed "a source of potential prejudice because it could

precipitate a costly second round of briefing and delay the resolution of th[e] lawsuit." *Atl. Cas. Ins.*, 2016 WL 7386208, at *3 (quoting *Choice Hotels*, 2014 WL 80722, at *4). Even if, as Rodrigues suggests, the court were to extend the dispositive motion deadline and allow US Bank additional time to file a reply to Rodrigues' summary judgment response, these measures would not alleviate the prejudice caused by additional costs and potentially delayed resolution of the lawsuit. Nor would granting a trial continuance. On April 27, 2021—after Rodrigues filed the instant motion—the court on its own initiative reset the trial of this case to the two-week docket of October 12, 2021 "to reduce the burdens on the parties caused by preparing for trial without the benefit of the court's rulings," including a ruling on US Bank's pending summary judgment motion. Apr. 27, 2021 Order 1. Thus the third and fourth factors weigh against a finding of good cause.

4

Considering the four factors holistically, the court concludes that Rodrigues has failed to show good cause to modify the scheduling order, and it denies the motion to the extent it seeks this relief.

IV

To the extent Rodrigues seeks a trial continuance, this part of her motion is denied as moot. As stated, the court has already continued the trial to the two-week docket of October 12, 2021. The court therefore denies the request for a trial continuance as moot.[3]

---

[3]The court therefore need not address whether Rodrigues' motion for a trial continuance violates N.D. Tex. Civ. R. 40.1.

\* \* \*

For the reasons explained, the court denies, in part on the merits and in part as moot, Rodrigues' motion for leave to extend the discovery deadline and for a continuance of the trial date.

**SO ORDERED**.

May 24, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE