IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAREN ANN RODRIGUES,<br><br>    Plaintiff,<br><br>VS.<br><br>U.S. BANK NATIONAL<br>ASSOCIATION,<br><br>    Defendant. | §<br>§<br>§<br>§ Civil Action No. 3:20-CV-0291-D<br>§<br>§<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION
AND ORDER

For the reasons that follow, the court defers a ruling on defendant U.S. Bank National Association's ("U.S. Bank's") motion for summary judgment and grants plaintiff Karen Ann Rodrigues ("Rodrigues") leave to file supplemental summary judgment proof.

I

Rodrigues alleges claims against U.S. Bank for failure to accommodate, disability discrimination, and retaliation, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the Texas Commission on Human Rights, Tex. Lab. Code Ann. § 21.001 *et seq.* (West 2021), and also for interference and retaliation, in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*

On March 25, 2021 Rodrigues filed a motion for leave to extend the discovery deadline and for a continuance of the trial date. *Rodrigues v. US Bank Nat'l Ass'n, (Rodrigues I)*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.). She sought this relief on the basis that she had recently substituted counsel. *Id.* The court denied

the part of her motion that sought to extend the discovery deadline based on its analysis of the factors pertinent to determining whether good cause exists under Fed. R. Civ. P. 16(b)(4). *Id.* at *4. The court also denied as moot her request for a trial continuance because the court had already continued the trial to the two-week docket of October 12, 2021. *Id.*

On March 26, 2021, the day after Rodrigues filed the motion discussed above, U.S. Bank filed the instant motion for summary judgment. Rodrigues opposes the motion. U.S. Bank objects to Rodrigues' summary judgment evidence and moves to strike the motion from the record.

II

The only evidence that Rodrigues has produced in opposition to U.S. Bank's summary judgment motion is her unsworn declaration. U.S. Bank objects to the court's considering the declaration and asks the court to strike it from the record on the following ground: first, because the declaration is not dated, and thus fails to meet the requirements of 28 U.S.C. § 1746 and cannot be considered; second, because Rodrigues submitted the declaration in bad faith to contradict earlier testimony, for the sole purpose of creating a fact issue, and the declaration must be disregarded under the sham affidavit doctrine; and, third, because even if the court does not strike the declaration as a whole, numerous statements within the declaration fail to comply with Fed. R. Civ. P. 56(c)(4) because they are not made on personal knowledge or do not set out facts that would be admissible in evidence (i.e., because they constitute hearsay, impermissible legal conclusions, or because they are not relevant).

III

In general, an unsworn declaration is insufficient to raise a fact issue precluding summary judgment. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013). But 28 U.S.C. § 1746 provides an exception. *Id.* For the exception to apply, the declaration must be signed, dated, and state "under penalty of perjury" that its contents are "true and correct." 28 U.S.C. § 1746.

As U.S. Bank points out, Rodrigues' declaration is not dated, as required by § 1746. U.S. Bank cites a Sixth Circuit opinion that excluded a declaration from consideration on this basis alone. *See Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994); *see also Jackson v. Barrere*, 2014 WL 1389291, at *4 (M.D. La. Apr. 9, 2014) (declining to consider undated declaration under 28 U.S.C. § 1746). But courts have also held that "the absence of a date on such documents does not render them invalid if extrinsic evidence could demonstrate the period when the document was signed." *See, e.g., Olibas v. John Barclay Native Oilfield Servs., LLC*, 2014 WL 12602869, at *2 (N.D. Tex. Mar. 12, 2014) (Boyle, J.) (quoting *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475-76 (6th Cir. 2002)).

Rodrigues has not directed the court to any extrinsic evidence that could demonstrate when she signed her declaration, nor does the court discern any from the record. Accordingly, the court concludes that, "[g]iven the explicit language of the statute, [the declaration] must therefore be excluded from consideration." *Bonds*, 20 F.3d at 702.[1]

---

[1]The court acknowledges the technical nature of this conclusion and reserves judgment on whether it would reach a different conclusion if not for its decision below that

IV

Having determined that Rodrigues' summary judgment proof is insufficient, the court next decides whether she may now cure the deficiency.

In certain circumstances, a party may be permitted to cure defects in its summary judgment evidence. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("When summary judgment is inappropriate because the supporting or opposing materials are improper, the district court has ample discretion to call upon the parties to remedy the defects, by submitting supplemental affidavits or otherwise."). For example, this court granted a party who submitted unsworn interrogatory answers leave to file supplemental evidence in compliance with Rule 56. *Brady v. Blue Cross & Blue Shield of Tex., Inc.*, 767 F. Supp. 131, 135-36 (N.D. Tex. 1991) (Fitzwater, J.). But the court has declined to grant such leave when the party who submitted defective evidence does not request it. *See Magana v. Tarrant/Dall. Printing, Inc.*, 1998 WL 548686, at *5 (N.D. Tex. Aug. 21, 1998) (Fitzwater, J.); *Owens v. Estate of Erwin*, 1997 WL 160193, at *3 (N.D. Tex. Mar. 31, 1997) (Fitzwater, J.).

In the present case, Rodrigues has not responded to U.S. Bank's objections. In her brief, however, she offers the following explanations for why her only piece of supporting evidence is an unsworn declaration: (1) at the time that she filed her response to U.S. Bank's

---

Rodrigues should be permitted leave to supplement her summary judgment evidence. *See Olibas*, 2014 WL 12602869, at *2 (citing two district court opinions outside of this circuit for the proposition that "courts typically do not exclude an undated declaration unless it fails to comply with some other statutory requirement as well").

summary judgment motion, her motion to extend the discovery deadline was still pending, and (2) her new counsel had not been given access by her previous counsel to all of the relevant documents. Given the procedural history of this case, "the court's flexibility in dealing with the evidence used in a summary judgment proceeding," and "the fact that the 'papers of a party opposing summary judgment are usually held to a less exacting standard,'" the court construes Rodrigues' statement concerning her summary judgment evidence as a motion and grants her leave to file supplemental evidence in compliance with 28 U.S.C. § 1746 and Rule 56(c)(4). *See Brady*, 767 F. Supp. at 135-36 (first excerpt citing 10A Wright, Miller & Kane, *Federal Practice & Procedure* § 2721 at 40; second excerpt quoting *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987)); *see also* Rule 56(e)(1) (providing that if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may give an opportunity to properly support or address the fact).[2]

* * *

Accordingly, for the reasons explained, the court defers its decision on U.S. Bank's motion for summary judgment and grants Rodrigues leave to file supplemental summary judgment proof. Rodrigues must file her proof, and a supplemental response brief, within 21 days of the date this memorandum opinion and order is filed. U.S. Bank may file a reply

---

[2]Because the court is granting Rodrigues leave to supplement her summary judgment evidence, and because it is possible that supplemental evidence will render some of U.S. Bank's other objections moot, the court need not reach these objections at this time.

brief within 14 days of the date Rodrigues' response is filed.

**SO ORDERED**.

July 1, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE