IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN ANN RODRIGUES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:20-CV-0291-D |
| VS. | § | |
| | § | |
| US BANK NATIONAL | § | |
| ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this employment dispute, defendant U.S. Bank National Association ("U.S. Bank") moves for summary judgment. Because plaintiff Karen Ann Rodrigues ("Rodrigues") opposes the motion based solely on her unsworn declaration—which the court has previously determined is not competent summary judgment evidence and has given Rodrigues an opportunity to cure—the court grants U.S. Bank's motion and dismisses this action with prejudice by judgment filed today.

I

Rodrigues sues U.S. Bank, alleging claims for failure to accommodate, disability discrimination, and retaliation, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., and the Texas Commission on Human Rights Act, Tex. Lab. Code Ann. § 21.001 *et seq*. (West 2021), and also for interference and retaliation, in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.

On March 26, 2021 U.S. Bank filed a motion for summary judgment. Rodrigues

responded, but relied for opposition evidence only her unsworn declaration.  U.S. Bank objected to Rodrigues' evidence.   In *Rodrigues v. U.S. Bank National Association* ("*Rodrigues I*"), 2021 WL 2717538, at \*1-2 (N.D. Tex. July 1, 2021) (Fitzwater, J.), the court held that Rodrigues' unsworn declaration was insufficient to raise a fact issue precluding summary judgment.  But because Rodrigues offered a sufficient explanation "for why her only piece of supporting evidence [was] an unsworn declaration," the court deferred its decision on U.S. Bank's summary judgment motion and granted Rodrigues 21 days to file supplemental evidence in compliance with 28 U.S.C. § 1746 and Rule 56(c)(4).  *Id.* at \*2. Her submission of supplemental evidence was due July 22, 2021, but Rodrigues has not filed any evidence as permitted under *Rodrigues I*.

II

When, as here, the summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant does so, the nonmovant must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovants.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D.

Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory where the nonmovant fails to meet this burden.  *Little*, 37 F.3d at 1076.

III

U.S. Bank, as the party who will not have the burden of proof on a claim at trial, has satisfied its burden of pointing to the absence of evidence to support each of Rodrigues' claims.  *See, e.g.*, D. Br. 8, 9, 11, 12, 18, 21, 22, and 25.  The burden has therefore shifted to Rodrigues to present evidence that creates a genuine issue of material fact.  For the reasons explained in *Rodrigues I*, the evidence on which Rodrigues relies in support of her opposition—an unsworn declaration—is insufficient to raise a fact issue precluding summary judgment.  *Rodrigues*, 2021 WL 2717538, at *1-2.  Indeed, "unsworn pleadings . . . do not constitute summary judgment evidence."  *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

> If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).

Because U.S. Bank has pointed to the absence of evidence to support Rodrigues' claims and she has not produced evidence in response, U.S. Bank is entitled to summary judgment dismissing all of Rodrigues' claims with prejudice.

\*   \*   \*

Accordingly, U.S. Bank's March 26, 2021 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

August 20, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE